

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

WACO DIVISION

| | | |
|---|---|---|
| RICHARD LEE TABLER, | § | |
| TDCJ # 00999523, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. W-10-CA-034 |
| | § | |
| RICK THALER, Director, Texas | § | |
| Department of Criminal Justice, | § | |
| Institutional Division, | § | |
|     Respondent. | § | |

## ORDER

On August 17, 2011, the Court held a hearing to determine whether Petitioner Richard Lee Tabler was competent to make the decision to abandon all appeals and post-conviction remedies. After considering the testimony of Dr. Roger D. Saunders and his report, as well as the statements of Petitioner and his attorneys, the Court determined that Petitioner's decision was not voluntary.

### PROCEDURAL HISTORY

Tabler was convicted of capital murder and sentenced to death. His conviction was affirmed on direct appeal. *Tabler v. State of Texas*, 2009 WL 4931882, No. AP-75,677 (Tex.Crim.App. Dec. 16, 2009)(unpublished). His petition for a *writ of certiorari* was denied. *Tabler v. State of Texas*, No. 09-9654 (Oct. 4, 2010). There are no proceedings pending other than this case.

The present matter was filed as a request for appointment of counsel and for a stay of execution while Petitioner exhausted his state-court remedies. The request for appointment of counsel was granted on February 25, 2010 under 18 U.S.C. § 3599(a)(2), as was the requested stay of execution. Because no habeas application has been filed, there is no record before the Court other than what is available through public records and has been filed as attachments to the various motions and briefs.

While Petitioner's mandatory state direct appeal was pending, counsel was appointed to represent him in filing a state habeas corpus application. However, no timely application was filed because Petitioner requested in the trial court that all appeals and post-conviction remedies be dropped. After Petitioner made this request, the trial court held a hearing on September 30, 2008 and issued an order on November 5, 2008 granting Petitioner's request. On June 29, 2009, Petitioner changed his mind and requested that the trial court reinstate his "appeal." Petitioner's attorneys argued that Petitioner was unable to make sound informed decisions. The Court of Criminal Appeals disagreed after reviewing the state court opinion and denied the motion to reinstate the appeal. *Ex Parte Richard Tabler*, No. WR-72,350-01 (Tex.Crim.App. Sept. 16, 2009). The next occurrence was the denial of Petitioner's direct appeal on December 16, 2009.

Petitioner's attorneys then initiated this action. On June 2, 2010, Petitioner sent a letter to this Court which indicated that his attorneys had filed the requested

stay without his approval. Petitioner noted in his letter that he had already waived his appellate and post-conviction rights in the state court and requested that a new execution date be set. Petitioner's request was forwarded to the Supreme Court, where his petition for writ of certiorari was pending.

In a supplemental filing in the Supreme Court, Petitioner's attorneys noted:

> Petitioner suffers from serious mental disabilities, including bipolar disorder, and at this time is not competent and able to make a knowing, voluntary and intelligent waiver of his rights to appeal. Petitioner demonstrates a deep and severe constellation of mental illnesses described on Axis F of the Diagnostic and Statistical Manual of Mental Disorders ("DSM") IV. These have been disabling and debilitating for him since at least early adolescence, and have never been adequately managed from a medical or psychological standpoint.

Unified Statement of Counsel for Petitioner ("Counsel Statement"), pp. 2-3. His attorneys followed with a "statement" that Tabler's actions were "not the product of a voluntary and rational decision." Despite the supplemental brief, the petition for writ of certiorari was denied on October 4, 2010.

Since his petition for writ of certiorari was denied, Petitioner sent a number of letters to this Court and the trial court requesting that his attorneys be fired and an execution date set. Because of the allegations of Petitioner's attorneys and the contents of Petitioner's correspondence, a bona fide doubt as to Petitioner's competence was raised. The Court, therefore, appointed Dr. Richard D. Saunders to conduct a mental health evaluation of Petitioner. Dr. Saunders' report was filed with the Court on July 26, 2011.

## LEGAL ANALYSIS

In determining whether a defendant is mentally competent to waive his right to file appeals or collateral attacks upon his conviction and sentence, the question is whether he "has a capacity to appreciate his position and make a rational choice with respect to continuing or abandoning further litigation or on the other hand whether he is suffering from a mental disease, disorder, or defect which may substantially affect his capacity in the premises." *Rees v. Peyton*, 384 U.S. 312, 314 (1966). The Fifth Circuit has created a three-part test to determine whether a defendant can competently waive his appellate rights. *See Rumbaugh v. Procunier*, 753 F.2d 395, 396 (5th Cir. 1985). The district court should determine the following:

> (1) whether [the petitioner] suffers from a mental disease, disorder, or defect; (2) whether a mental disease, disorder, or defect prevents [the petitioner] from understanding his legal position and the options available to him; and (3) whether a mental disease, disorder, or defect prevents that person from making a rational choice among his options.

*Mata v. Johnson*, 210 F.3d 324, 328 (5th Cir. 2000).

The determination of competency is essentially a fact issue. *Rumbaugh*, 753 F.2d at 399. While a suicide attempt, in and of itself, is not necessarily sufficient to create "reasonable cause" for a competency hearing, but it is evidence that "must be weighed in conjunction with all other evidence presented with respect to a [petitioner's] mental stability and competence." *Id.*, at 330.

After reviewing the entire record, as well as the testimony and statements of Petitioner, Petitioner's attorneys, Dr. Saunders and Respondent's attorneys, the

4

Court has determined that Petitioner is not presently suffering from a mental disease, disorder or defect which prevents him from understanding his legal position and the options available to him or which prevents him from making a rational choice among his options.

However, there are forces acting upon Petitioner which prevent his waiver from being a voluntary choice. In evaluating the waiver of a fundamental constitutional right, the reviewing court should "indulge every reasonable presumption against waiver." *Mata v. Johnson*, 210 F.3d at 329, *citing Hodges v. Easton*, 106 U.S. 408, 1 S.Ct. 307, 27 L.Ed. 169 (1882). A valid and effective waiver is one that is made intentionally and *voluntarily*. *Id.*, *citing Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed.1461 (1938) and *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970) (emphasis added). Accordingly, it is

**ORDERED** that the Unopposed Motion for Administrative Reinstatement (document # 11) is **GRANTED**, and this case is reopened so that Petitioner may file an application for habeas corpus relief under 28 U.S.C. § 2254.

**SIGNED** this ___18___ day of August, 2011.

                                                                        WALTER S. SMITH, JR.
                                                                         United States District Judge