IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| RICHARD TABLER | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CASE NO.  W-10-CA-034 |
| | § | **CAPITAL LITIGANT** |
| LORIE DAVIS, | § | |
| Director, Texas Department of | § | |
| Criminal Justice, Correctional | § | |
| Institutions Division, | § | |
| Respondent. | § | |

**RESPONDENT DAVIS'S OPPOSED MOTION IN LIMINE
RELATING TO THE HEARING SCHEDULED FOR JULY 9, 2018**

Currently pending before this Court is Petitioner's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 which was filed in September 2015.

Based upon numerous pro se filings and correspondence from Petitioner Tabler, this Court has set a hearing for July 9, 2018 solely to determine Tabler's competency to waive federal habeas review. ECF 179. Specifically, as indicated by the Court's order, the questions are as follows:

(1)    whether Petitioner has "capacity to appreciate his position and make a rational choice with respect to continuing or abandoning further litigation," and

(2)    whether Petitioner "is suffering from a mental disease, disorder, or defect" which may substantially affect his capacity, such that it prevents him from understanding his legal position and the options available to him and prevents him from making a rational choice among his options.

*Id* at 2.

Tabler's counsel have filed an advisory notifying the Court of three expert witnesses whose testimony they may present at the hearing. ECF 186. These experts are Dr. Daniel Martell, forensic neuropsychologist, Dr. Richard Dudley, forensic psychiatrist, and Dr. Keith Curry, psychologist. Based upon the areas of proposed expertise of these witnesses, and the reports they have generated, Respondent Davis (the Director) believes that they will proffer at the hearing opinions unrelated to the issue that is the subject of the hearing.

For example, Dr. Dudley's report indicates that Tabler was referred to him "for a psychiatric evaluation, focused on the question of whether or not there was mental health mitigation that could have been considered for presentation at the sentencing phase of his capital trial." ECF 186-2 at 2. This discussion of mitigation comprises eight of the twelve pages of Dr. Dudley's report. ECF 186-2 at 2–10. Dr. Dudley further addresses at the end of his report "whether the combination of [Tabler's] psychiatric and neuropsychiatric disorders would have prevented him from making a knowing, intelligent, and voluntary waiver." ECF 186-2 at 10. Yet, based upon the statement of his ultimate opinion on this matter, it is clear that Dr. Dudley's focus was on Tabler's "capacity to make knowing, intelligent and voluntary decisions *at the time of his trial* and when he announced his desire to give up his *state habeas litigation*." ECF 186-2 at 12 (emphasis added).

Dr. Martell's report indicates that the purpose of his evaluation was to "provide an opinion regarding any aspects or impairments of Mr. Tabler's neurocognitive functioning." ECF 186-1 at 1. This broad evaluation could easily be interpreted to relate to mental health related issues that are not relevant

2

to whether Tabler is currently competent to waive further proceedings at this time, thereby increasing the potential that his testimony may stray beyond the scope of this hearing.

Further, although Dr. Curry's report generally addresses only the issue of Tabler's ability to voluntarily waive further proceedings, the Director includes him in this motion out of an abundance of caution. *See generally* ECF 186-3.

Accordingly, the Director requests the Court to order Tabler, and his witnesses, to limit the scope of the testimony to the two issues, as indicated above, relating to Tabler's competency to waive further proceedings at this time. To that end, the Director would object to the testimony or evidence relating to any of the following subjects as being outside the scope of the hearing.

1.   Tabler's competency at the time of trial.

2.   Tabler's competency to waive state habeas proceedings.

3.   Mitigation evidence that could have been discovered by trial counsel and therefore should have been presented to the jury.

4.   Tabler's eligibility for the death penalty.

## CONCLUSION

For the reasons stated above, the Director respectfully requests that this Court limit the testimony of Tabler's expert witnesses to opinions directly on the issue that is the subject of this evidentiary hearing.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

ADRIENNE MCFARLAND
Deputy Attorney General
For Criminal Justice

EDWARD L. MARSHALL
Chief, Criminal Appeals Division

*/s/ Rachel L. Patton*
RACHEL L. PATTON
Assistant Attorney General
State Bar No. 24039030

OFFICE OF THE ATTORNEY GENERAL OF
TEXAS
Post Office Box 12548, Capitol Station
Austin, Texas 78711
Tel.: (512) 936-1400
Fax: (512) 320-8132
Email: *rachel.patton@oag.texas.gov*

*Counsel for Respondent*

## CERTIFICATE OF CONFERENCE

I hereby certify that on June 20, 2018, I contacted counsel for petitioner,

Peter Walker, and he indicated that Tabler is opposed to this request.

*s/ Rachel L. Patton*
RACHEL L. PATTON

4

## CERTIFICATE OF SERVICE

I do herby certify that on June 22, 2018, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Western District of Texas, using the electronic case-filing system of the Court. The electronic case-filing system sent a "Notice of Electronic Filing" (NEF) to the following counsel of record, who consented in writing to accept the NEF as service of this document by electronic means:

Peter J. Walker
Shawn Nolan
Federal Community Defender for the
Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, Pennsylvania 19106
Peter_walker@fd.org

Marcia A. Widder
Attorney at Law
303 Elizabeth Street, N.E.
Atlanta, Georgia 30307
Marcy.widder@garesource.org

>  */s/ Rachel L. Patton*
> RACHEL L. PATTON
> Assistant Attorney General