**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **RICHARD LEE TABLER,** | : | |
| | : | |
| **Petitioner,** | : | |
| | : | **CIVIL ACTION NO. W-10-CA-034-RP** |
| **v.** | : | |
| | : | **CAPITAL HABEAS CORPUS** |
| **BOBBY LUMPKIN,** | : | |
| **Director, Correctional Institutions Division** | : | **HON. ROBERT PITMAN, U.S.D.J.** |
| **Texas Department of Criminal Justice,** | : | |
| | : | |
| **Respondent.** | : | |

**PETITIONER'S REPLY IN SUPPORT OF**

**MOTION TO ALTER OR AMEND JUDGMENT**
**PURSUANT TO FED. R. CIV. P. 59(e)**
**AND**
**TO EXPAND CERTIFICATE OF APPEALABILITY**

MARCIA A. WIDDER
GA Bar No. 643407
Attorney at Law
303 Elizabeth Street, NE
Atlanta, GA 30307
(404) 222-9202
marcy.widder@garesource.org

PETER J. WALKER
TX Bar No. 24075445
SHAWN NOLAN
PA Bar No. 53565
Assistant Federal Defenders
Federal Community Defender for the
Eastern District of Pennsylvania
Suite 545 West, The Curtis
601 Walnut Street
Philadelphia, PA 19106
(215) 928-0520
shawn_nolan@fd.org
peter_walker@fd.org

September 17, 2021

# TABLE OF CONTENTS

ARGUMENT ........................................................................................................... 1

I.    MR. TABLER HAS ADVANCED GROUNDS TO OVERCOME ANY
      PROCEDURAL DEFAULT............................................................................ 1

      A.   The Reliance on the Vacated Fifth Circuit Opinion ................................... 1

      B.   The Court's Omission of a Ruling on the Voluntariness of Mr. Tabler's
           Waiver .................................................................................................... 2

      C.   The Court's Misconstruction of and Failure to Rule on Mr. Tabler's
           Abandonment Argument........................................................................... 3

      D.   The Omission of a Ruling on the Inadequacy of the Procedural Bars........... 6

      E.   The Court's Factual Mistakes ................................................................... 6

II.   MR. TABLER RECEIVED INEFFECTIVE ASSISTANCE IN JURY
      SELECTION................................................................................................. 8

      A.   The Overlooked Challenge to the Constitutionality of the Texas Statute ................. 8

      B.   The Mischaracterization of the *Morgan* Claim........................................... 8

      C.   The Misuse of the *Teague v. Scott* Prejudice Test ...................................... 9

III.  MR. TABLER RECEIVED INEFFECTIVE ASSISTANCE AT THE PENALTY
      PHASE....................................................................................................... 10

      A.   The Twenty-Four Overlooked Declarations ............................................ 10

      B.   The Failure to Assess Deficient Performance and Prejudice in the Aggregate .......... 11

IV.   IN THE ALTERNATIVE, THE COURT SHOULD DEFER RULING ON THIS
      MOTION UNTIL THE SUPREME COURT DECIDES *Shinn v. Ramirez*...................... 12

CONCLUSION...................................................................................................... 13

**ARGUMENT**

Mr. Tabler has moved this Court to alter or amend judgment, pursuant to Rule 59(e), to correct "manifest errors of law or fact."  Moreover, he maintains that at the very least the errors are debatable among jurists of reason and deserve encouragement to proceed further through the grant of an expanded Certificate of Appealability ("COA").  Petitioner's Motion, ECF No. 239, at 20.[1]  Each of the errors discussed below should require either an alteration or amendment of judgment or an expansion of the COA.

## I.   MR. TABLER HAS ADVANCED GROUNDS TO OVERCOME ANY PROCEDURAL DEFAULT.

### A.   The Reliance on the Vacated Fifth Circuit Opinion

Mr. Tabler argues that the Court placed undue reliance on the Fifth Circuit's 2014 ruling that *Martinez v. Ryan*, 566 U.S. 1 (2012), did not extend to excusing attorney errors in Mr. Tabler's competency hearing.  The Court of Appeals vacated that ruling on rehearing in 2015.  ECF No. 239 at 5-6.  This Court quoted from the vacated opinion, without mentioning that it had been vacated, and dismissed Mr. Tabler's argument on the ground that "Petitioner essentially makes the same argument . . . that was rejected by the Fifth Circuit."  Memorandum Opinion ("MO"), ECF No. 235, at 19.

The Director objects that the Court only cited the 2014 opinion for its summary of the state court proceedings, and "agreed with—not relied on—that opinion." Director's Response, ECF No. 246-2, at 5.[2]  But the portions of the 2014 opinion that the Court quoted not only are no longer law

---

[1] Page citations referring to docketed pleadings refer to the ECF page numbers. Citations preceded by "A" refer to the appendix filed with the habeas petition in this Court.

[2] As the Director points out, Petitioner erroneously cites MO 75 as well as MO 19.  ECF No. 246-2 at 5 n.2.  The argument focuses on MO 19.

of the case, but run counter to the theory the Circuit adopted in granting rehearing in 2015: that *Martinez* covered any deficient performance that "prevented an initial-review collateral proceeding from ever taking place." *Tabler v. Stephens*, 591 F. App'x 281, 281 (5th Cir. 2015). The 2014 opinion was vacated because it characterized the alleged deficient performance in an improperly limited way—and this Court's reliance on it perpetuated the misconception, evading the broader analysis the Court of Appeals directed it to undertake on remand.

The 2014 opinion was also vacated because Mr. Tabler had been deprived of the opportunity to develop a factual record of state habeas counsel's performance with the assistance of conflict-free counsel. *Id.* With conflict-free counsel, Mr. Tabler developed an expansive record of state habeas counsel's errors that he could not have presented to the Fifth Circuit. It is therefore untrue that "Tabler made the same arguments presented to this Court before and after remand" and it is not possible that the Fifth Circuit had "correctly rejected" his never-before-presented arguments. *See* ECF No. 246-2 at 5.

The Director's argument that the 2015 Fifth Circuit opinion "did not hold that state habeas counsel were ineffective" is a red herring. *See* ECF No. 246-2 at 6. Mr. Tabler does not claim that the Fifth Circuit made such a ruling, but that it directed this Court to conduct a broader analysis of all the deficient performance that prevented the state habeas hearing from taking place.

**B.     The Court's Omission of a Ruling on the Voluntariness of Mr. Tabler's Waiver**

Mr. Tabler argued that his state habeas counsel were ineffective for failing to develop evidence and failing to argue *both* that his waiver was not competent and that it was not voluntary under the totality of the circumstances. This Court mentioned but never ruled on the voluntariness argument. MO 20.

The Director argues in opposition that the Court actually did rule on voluntariness but offers in support only various citations to counsel's awareness of Mr. Tabler's mental health issues and allegations that he had received threats in prison.  ECF No. 246-2 at 7-9.  The Director claims that the court actually addressed "four out of the five factors" Mr. Tabler cites as undermining the voluntariness of the waiver.  ECF No. 246-2 at 9 (citing MO 20).  While the Court did mention some of counsel's (insufficient) investigative activities, it never addressed counsel's failure to argue that the waiver was involuntary.  Instead, after mentioning the activities, the Court reverted to the separate question whether Mr. Tabler "was prejudiced by counsels' failure to challenge his *competency*."  MO 21 (emphasis added).  Nowhere did the Court address whether counsel could have argued that under the totality of circumstances (the constitutionally required test of voluntariness) the waiver was involuntary, even assuming Mr. Tabler's competence.

### C.    The Court's Misconstruction of and Failure to Rule on Mr. Tabler's Abandonment Argument

Mr. Tabler argued in his amended habeas petition that state habeas counsel had a duty of advocacy for Mr. Tabler that continued until the court relieved them as counsel.  He maintained that they abandoned any advocate's role beginning with an ex parte conversation May 2008, in which counsel told the court that Mr. Tabler was thinking about waiving further litigation. Counsel acquiesced in the Court's decision to stop all funding of the mitigation investigation at that point, and then failed to work for and advocate for his interests in the ensuing months, up to and including the competency hearing the Court held in September 2008.  He argues in his Rule 59 motion that this Court never ruled on this course-of-conduct argument, and instead rejected an argument Mr. Tabler did not make: that compliance with Mr. Tabler's desire to waive at the hearing, in itself, constituted abandonment.  ECF No. 239 at 8.

3

In response, the Director asserts that Mr. Tabler has "fabricate[d] necessary steps" because, if counsel follow their "competent, unwavering client's wishes," there is "no need to address any actions taken by counsel." ECF No. 246-2 at 10. This argument only echoes the Court's failure to consider the course-of-conduct argument. Counsel's abdication of any duty to represent Mr. Tabler between May and September allowed him to appear competent and less wavering than he actually was.[3] Counsel failed to advise the state habeas court of ample evidence that he was neither and failed to develop other evidence.

The Director's characterization of the state habeas court's ruling that Mr. Tabler was competent after the hearing on September 30 as a finding of fact subject to the presumption of correctness, ECF No. 246-2 at 11 n.6, is beside the point. Mr. Tabler is not challenging the court's ruling itself but the ineffectiveness of state habeas counsel in relation to the ruling. The Director's invocation of *Cullen v. Pinholster*, 563 U.S. 170, 180-81 (2011), in tandem with 28 U.S.C. 2254(e)(2), is also unfounded. Mr. Tabler has not "failed to develop" his claims in state court for the same reason he cannot be defaulted for failing to raise them under *Martinez*; the fault is attributable to state habeas counsel, not Mr. Tabler. *See Barrientes v. Johnson*, 221 F.3d 741, 771 (5th Cir. 2000).

The Director also cites the Court's references to counsel's reliance on Dr. Harrison's conclusion that Mr. Tabler was competent. ECF No. 246-2 at 1-121. But the Court mentioned

---

[3] Indeed, counsel advised the court on at least one occasion during the period between May and September that Mr. Tabler had changed his mind and wanted to pursue his post-conviction remedies. *See* A307 (letter from client to counsel stating, "I'll tell you what, I'll try and ride these appeals out with both of you."); ECF No. 90 at 40 (counsel communicated change of position to state habeas court). Nonetheless, counsel made no effort at the waiver hearing to remind the court that Mr. Tabler continued to flip-flop on the issue, despite its importance to a determination of whether Mr. Tabler was unequivocal in seeking to waive his rights.

Dr. Harrison only in distinguishing *Bouchillon v. Collins,* 907 F.2d 589, 596 (5th Cir. 1990), which held that an attorney who did not have his mentally ill client evaluated *at all* before he pled guilty, because he "appeared rational," was ineffective. MO 19-20.  This Court did not discuss the ways in which Mr. Tabler's counsel were equally deficient in relation to Dr. Harrison, including their failure to disclose to the court highly relevant findings from Dr. Harrison's second, full report before the competency hearing. Amended Habeas Petition, ECF No. 90, at 63, 119-20.  The second report contained ample information that could have supported an argument that the waiver was invalid. Indeed, counsel's statements made during the 2011 federal waiver hearing revealed that counsel believed "this information … is relevant to [the] decision" whether to allow Mr. Tabler to waive habeas proceedings. ECF No. 35, Hr'g Tr. at 16.  Counsel's failure to use it, in combination with other inaction, constituted abandonment.

Finally, the Director attempts to distinguish *Green v. Davis*, 479 F. Supp. 3d 442 (S.D. Tex. 2020), *appeal filed sub nom. Green v. Lumpkin*, No. 20-70021 (5th Cir. Sept. 16, 2020), arguing that Mr. Tabler's counsel took a more active role than the attorney in that case.  ECF No. 246-2 at 12-13.  The facts here are worse than those in *Green*: Mr. Tabler's counsel did almost no work on the case from May to September 2008, acquiesced in the cutoff of investigation funds, failed to advise the court of the expert's second report, and took no position at the competency hearing, wholly abdicating their role as advocates. After the hearing, counsel disclaimed any attorney-client relationship that obligated them to continue to represent Mr. Tabler. *See* Reply, ECF No. 132 at 21-25.  Their lack of advocacy falls into the same zone as that in *Green*. *Green* therefore underscores the need for this Court to alter or amend judgment, or expand the COA, on the issue of abandonment.

### D.     The Omission of a Ruling on the Inadequacy of the Procedural Bars

Mr. Tabler argues that the state courts' reliance on *Ex parte Reynoso* (*Reynoso I*), 228 S.W.3d 163 (Tex. Crim. App. 2007), invoked an inadequate state procedural bar because that opinion had been overruled. ECF No. 239 at 9-10 (citing *Ex parte Reynoso* (*Reynoso II*), 257 S.W.2d 715 (Tex. Crim. App. 2008)).  He also argues that the deficient procedures the state court employed to determine competency and waiver rendered the waiver ruling inadequate.  ECF No. 239 at 10.

The Director counters this argument by asserting that "allegations that state law was violated do not constitute an independent basis for federal habeas relief."  ECF No. 246-2 at 14. Mr. Tabler does not argue that the state court's reliance on a defunct rule entitles him to relief, but that the defunct rule cannot qualify as an independent or adequate ground to *deny* federal habeas review and relief.  An overruled precedent and deficient procedures are inadequate to bar federal review.

The Director also attempts to distinguish *Reynoso II* and argues that Mr. Tabler's case is more like that of Travis Mullis. ECF No. 246-2 at 17.  But the question this Court should have addressed was not whether *Reynoso II* would have supplied a proper state procedural bar if the state court had relied on it.  The state court did not rely on *Reynoso II*, and its proper interpretation is a matter of state law for state courts.  Here, the state court relied on *Reynoso I* **after** *Reynoso II* had overruled it.  This Court should have ruled that the bar the state court actually invoked was inadequate.

### E.     The Court's Factual Mistakes

Mr. Tabler asks the Court to alter or amend judgment or expand the COA to address whether two contested factual issues require an evidentiary hearing for their proper resolution. First, although the Court found that "Mr. Tabler was aware of the relevant deadlines," MO 20,  Mr.

Tabler's amended petition argued, on the basis of record evidence, that he announced his waiver under the inaccurate impression that it would not take effect until his direct appeal was over. ECF No. 239 at 12 (citing Amended Habeas Petition at 49, 101). Second, the court determined that state habeas counsel "began a mitigation investigation with the assistance of two mitigation specialists" (MO 20), but Mr. Tabler cited the evidence showing that counsel never retained the first specialist and acquiesced in the abrupt halt to the work of the second before she had interviewed a single witness. ECF No. 239 at 12 (citing Amended Habeas Petition at 32-34).

The Director maintains that "any error in conveying the deadline . . . was harmless because Tabler was waiving his right to such collateral review." ECF No. 246-2 at 18. The Director makes serious legal and factual errors. Legally, Mr. Tabler had to know his deadline to file because his desire to waive could be revoked until that deadline passed. *Reynoso II*, 257 S.W.3d at 720 n.2. Factually, the Director ignores the well-supported record that, based on his counsel's mis-advice and the state court's own faulty instructions, Mr. Tabler believed he had only announced a future expectation of waiver after his direct appeal ended. *See* A208, A280, A281, A292, A293, A294, A304, A305, A311; 5 CR 359-365. Because the record supports Mr. Tabler's position, the Court erred in finding that he was aware of the deadlines. At the least, the Court should alter or amend judgment to order a hearing on the question or expand the COA to include the question whether he was entitled to a hearing.

About the Court's finding that state habeas counsel began an investigation with the help of two mitigation specialists, the Director argues only that "[r]egardless of whether this was error," Mr. Tabler has not shown that it would result in manifest injustice because it is only one of several factors the Court relied on. ECF No. 246-2 at 18. It is one factor, but it is a weighty factor. Until permitted to withdraw, counsel had a duty to continue investigating background information that

could affect the validity of the waiver as well as the constitutionality of the death sentence. As a result of their abdication of that duty, counsel, Dr. Harrison, and the state court all had to make their decisions based on a record nearly bare of the necessary background. This Court should alter or amend judgment and allow a hearing on the extent of the mitigation investigation, or at least expand the COA to decide whether a hearing is required.

## II.   MR. TABLER RECEIVED INEFFECTIVE ASSISTANCE IN JURY SELECTION.

### A.   The Overlooked Challenge to the Constitutionality of the Texas Statute

The Court does not rule on Mr. Tabler's argument that the Texas statute that allows excusal by agreement is unconstitutional as applied in this case, because it allowed the excusal of jurors whose questionnaires indicated their presumptive competence without any individualized examination. ECF No. 239 at 13 (citing AH 158). The Director argues not only that this, like all the merits arguments, was merely an alternative ruling, but that the Court actually addressed the claim on its merits. According to the Director, the Court's statement that Mr. Tabler did not allege that the excusals were based on any impermissible factors constituted a ruling on the constitutional challenge. ECF No. 246-2 at 20-21. These statements begged the constitutional question: whether a procedure that allowed the court to excuse jurors without any individualized determination at all, and certainly without any exposure of impermissible factors at play, was unconstitutional as applied. The Court should alter or amend judgment to address this claim or expand the COA to allow its review by the Court of Appeals.

### B.   The Mischaracterization of the *Morgan* Claim

Mr. Tabler's *Morgan* argument resembles the constitutionality argument above in that he maintains that counsel's advocacy was too superficial to determine whether jurors were "life qualified," as required by *Morgan v. Illinois*, 504 U.S. 719 (1992). He seeks an alteration or

amendment of judgment or expansion of the COA because this Court overlooked this argument and ruled that he had not shown that any biased jurors sat at trial.  As above, this ruling mischaracterized the claim, which focused on counsel's unreasonable failure to ask questions that would have identified biased jurors.  ECF No. 239 at 13-14.

The Director's response embraces the Court's misconception.  It argues that *Morgan* is inapplicable because Mr. Tabler is challenging not the trial court's denial of a cause challenge but trial counsel's deficient performance.  It maintains that this requires Mr. Tabler to identify a particular biased juror who sat.  ECF No. 246-2 at 22-23.  The record does not disclose all biased jurors who may have sat because counsel unreasonably failed to ask the questions that would have identified them.  The Court should alter or amend judgment or expand the COA to address Mr. Tabler's actual claim.

C. **The Misuse of the *Teague v. Scott* Prejudice Test**

Mr. Tabler challenges the Court's reliance on language in *Teague v. Scott*, 60 F.3d 1167, 1172 (5th Cir. 1995), stating that a petitioner cannot show ineffective assistance in voir dire unless "counsel's tactics are shown to be so ill chosen that it permeates the entire trial with obvious unfairness."  He argues that the Court improperly employed this language multiple times in lieu of applying the *Strickland* prejudice test.  ECF No. 239 at 14.

The Director demurs that the two standards are essentially equivalent and that Mr. Tabler never showed that "any juror removed by agreement would otherwise have served."  ECF No. 246-2 at 23-24.  This means of analysis cannot hold up against the Fifth Circuit's discussion of the proper test of *Strickland* prejudice in connection with inadequate voir dire questioning in *Virgil v. Dretke,* 446 F.3d 598 (5th Cir. 2006).  The court observed:

> The process-failure in this case stems as much from the unknown as from the known. No effort was made to explore the depth or intensity of either Sumlin's or Sims's bias toward Virgil, in particular, or criminal defendants, in general. . .   No

9

question was put to either Sumlin or Sims as to whether they would be able to set
aside their preconceived notions and adjudicate Virgil's matter with an open mind,
honestly and competently considering all the relevant evidence.

446 F.3d at 613; *see also* Reply in Support of Habeas Petition, ECF No. 132, at 38 (discussing

*Virgil*).  This Court never cited *Virgil* or applied its analysis of prejudice in the context of "the

unknown."  It should alter or amend judgment or expand the COA to do so.

### III.   MR. TABLER RECEIVED INEFFECTIVE ASSISTANCE AT THE PENALTY PHASE.

#### A.   The Twenty-Four Overlooked Declarations

The Court rejected several penalty phase claims partly on the ground that Mr. Tabler did

not support his allegations with "a single affidavit."  MO 51-52, 63, 71; *see also* MO 45.  The

Director concedes that the Court did not mention the declarations Mr. Tabler filed on January 25

and February 8, 2016, and that the habeas statute and court rules do not require a habeas petitioner

to attach affidavits to the initial petition.  ECF No. 246-2 at 24, 25.  The Director nevertheless

argues that the Court has no "obligat[ion] to consider evidence Tabler provided for the first time

after the Director had answered."  *Id*. at 24.  The Director does not mention the detailed social

history report and expert reports filed, pre-answer, with Mr. Tabler's initial petition, which

provided the substance of the factual allegations later supported with the additional post-answer

declarations. The Director acknowledges that the Court had discretion to consider the additional

declarations and does not allege that he had an inadequate opportunity to respond to any specific

factual contentions.  ECF No. 246-2 at 24-25.  Nor did he raise any objection to the declarations

when Mr. Tabler first filed them.

The cases on which the Director relies, *Sayre v. Anderson*, 238 F.3d 631, 636 (5th Cir.

2001), and *Gray v. Epps*, 616 F.3d 436, 443 (5th Cir. 2010), in contrast to this case, involved either

general allegations that uncalled witnesses would have provided helpful information or hearsay

provided by an investigator who did not indicate the witnesses would have testified at trial. In addition, both cases involve not pleading but proof; the Court of Appeals simply concluded that the petitioners had not established *Strickland* prejudice. The other cases the Director cites have even less relevance to Mr. Tabler. *See* ECF No. 246-2 at 26. This is not a case in which petitioner made "a mere allegation of prejudice," *see Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 2004), or failed to present "evidence of sufficient quality and force to raise a reasonable probability" of a life sentence, *see Ransom v. Johnson*, 126 F.3d 716, 723 (5th Cir. 1997), or offered "sheer speculation" through the "self-serving statement of habeas counsel" that uncalled witnesses would testify. *See Lincecum v. Collins*, 958 F.2d 1271, 1280 (5th Cir. 1992).

The Director asserts that Mr. Tabler cites no support for his argument that he had a due process right to an evidentiary hearing to test his well-pleaded claims. ECF No. 246-2 at 28. Mr. Tabler cites *Herman v. Claudy*, 350 U.S. 116, 119 (1956), and cross-references his reply in support of his habeas petition, which sets forth the argument in full and cites other precedents. *See* ECF No. 239 at 14; ECF No. 132 at 49.

### B.     The Failure to Assess Deficient Performance and Prejudice in the Aggregate

Mr. Tabler seeks Rule 59(e) relief or an expansion of the COA to address both counsel's deficient performance and the resulting prejudice cumulatively. ECF No. 239 at 15. The Director cites Circuit precedent holding that "cumulative-error analysis applies only in 'rare instances' where there is constitutional error to cumulate." ECF No. 246-2 at 28 (citing *United States v. Delgado*, 672 F.3d 320, 344 (5th Cir. 2012) (en banc), and *Derden v. McNeel*, 938 F.2d 605, 609 (5th Cir. 1991)). These precedents are inapposite because they involve the cumulation of separate trial errors on direct appeal and habeas review. Mr. Tabler, however, has presented a single, unitary claim that his trial counsel provided ineffective assistance through multiple deficiencies at the penalty phase. The Court cannot properly decide whether *any* constitutional error—i.e., any

11

Sixth Amendment violation—occurred without considering *all* counsel's deficiencies in assessing their performance, and without assuming the deficiencies and considering their cumulative effect in assessing the resulting prejudice.  The Court should accordingly alter or amend judgment to conduct a cumulative analysis or, at least, expand the COA to decide whether counsel's overall performance, and not just their failure to object to victim impact evidence, prejudiced the defense at the penalty phase.

## IV.   IN THE ALTERNATIVE, THE COURT SHOULD DEFER RULING ON THIS MOTION UNTIL THE SUPREME COURT DECIDES *SHINN V. RAMIREZ*.

Relying on *Martinez v. Ryan*, 566 U.S. 1 (2012), Mr. Tabler argues that the ineffective assistance of his state habeas counsel excuses any default of substantial claims that his trial counsel were ineffective.  He proffers extra-record evidence to support his claims and seeks an evidentiary hearing.  The Supreme Court has granted certiorari and scheduled oral argument for November 1 in *Shinn v. Ramirez*, No. 20-1009, 2021 WL 1951793 (May 17, 2001).  The question presented is:

> Whether application of the equitable rule the Supreme Court announced in *Martinez v. Ryan* renders the Antiterrorism and Effective Death Penalty Act, which precludes a federal court from considering evidence outside the state-court record when reviewing the merits of a claim for habeas relief if a prisoner or his attorney has failed to diligently develop the claim's factual basis in state court, inapplicable to a federal court's merits review of a claim for habeas relief.

The Supreme Court's decision on the interrelation between *Martinez* and the fact-development limitations in 28 U.S.C. § 2254(e) may affect the proper analysis of Mr. Tabler's claims. Therefore, the Court should alternatively defer its decision on whether to alter or amend judgment or expand the COA until it has the benefit of the Supreme Court's decision in *Ramirez*.

**CONCLUSION**

For the reasons above and in Petitioner's initial motion (ECF No. 239), the Court should grant the motion pursuant to Rule 59(e) to alter or amend judgment, order an evidentiary hearing, determine that any procedural bars are overcome, and grant Mr. Tabler relief from his conviction and sentence. Alternatively, the Court should expand the certificate of appealability to include the procedural grounds and claims for relief described above and in the initial motion, or defer ruling on this motion until the Supreme Court has decided *Shinn v. Ramirez*.

MARCIA A. WIDDER
GA Bar No. 643407
Attorney at Law
303 Elizabeth Street, NE
Atlanta, GA 30307
(404) 222-9202
marcy.widder@garesource.org

Respectfully submitted,

/s/ Peter J. Walker
PETER J. WALKER
TX Bar No. 24075445
SHAWN NOLAN
PA Bar No. 53565
Assistant Federal Defenders
Federal Community Defender for the
Eastern District of Pennsylvania
Suite 545 West, The Curtis Center
601 Walnut Street
Philadelphia, PA 19106
(215) 928-0520
shawn_nolan@fd.org
peter_walker@fd.org

Dated:  September 17, 2021

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I served the foregoing Reply on the following by operation of the electronic case filing system:

> Cara Hanna
> Assistant Attorney General
> Office of the Attorney General of Texas
> Post Office Box 12548
> Austin, Texas 78711-2548

/s/ Peter J. Walker
Peter J. Walker

Dated: September 17, 2021